IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**(San Juan VA Medical Center)**<br>    Plaintiff,<br><br>            v.<br><br>**BENNY TORRES-TORRES,**<br>    Defendant. | 23-mj-504 (MDM) |

## ORDER OF CONTEMPT

On May 9, 2023, a Criminal Contempt Hearing was held against the defendant, Mr. Benny Torres-Torres ("Mr. Torres" or "the defendant"), due in large part to his failure to appear at his bench trial that was scheduled to begin on the morning of May 2, 2023, for some seventeen (17) CVB minor violations. The defendant's failure to appear occurred in open court and in the presence of the undersigned United States Magistrate Judge.

As a result of the defendant's unjustified failure to appear at his bench trial, the undersigned issued a warrant for his arrest. Mr. Torres was subsequently arrested on May 5, 2023. Upon his arrest, Mr. Torres had his initial appearance before United States Magistrate Judge Giselle López-Soler on May 5, 2023. During the initial appearance, the defendant was duly advised of the Criminal Contempt Hearing that had been scheduled for May 9, 2023, before the undersigned magistrate judge, and was instructed that he was being directed to show cause as to why he should not be held in criminal contempt of court under the authority granted by 28 U.S.C. §§ 636(e) for his failure to appear at his bench trial. Through that initial appearance, the defendant was afforded due notice of the Criminal Contempt Hearing and was given a reasonable amount of time to prepare a defense.

During the Criminal Contempt Hearing, the Court gave Mr. Torres an opportunity to assert a defense against a finding of criminal contempt for: 1) his willful failure to appear at his bench trial, 2) his willful interruption of the Court's proceedings, 3) his willful disruption of the Court's power to administer justice, and 4) his willful disobedience of the Court's lawfully issued orders. During the hearing, the Court heard from the Government, from defense counsel and, after having been duly advised of his right to remain silent and right not to incriminate himself, the Court also heard from the defendant, who willingly chose to testify.

### I. Magistrate Judge's Summary Criminal Contempt Authority

The United States Supreme Court has long recognized that "the power to punish for contempts is inherent in all courts" and its "existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders and writs of the courts, . . . ." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (*quoting Ex parte Robinson*, 19 Wall. 505, 510 (1874)). Federal Courts are vested with the power "to impose silence, respect, and decorum in their presence, and submission to their lawful mandates." *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987) (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227, 19 U.S. 204 (1821)). Historically, "[t]he summary power to commit and punish for contempts tending to obstruct or degrade the administration of justice is inherent in courts of chancery and other superior courts as essential to the execution of their powers, and to the maintenance of their authority, and is part of the law of the land within the meaning of Magna Charta and of the twelfth article of our declaration of rights." *In re Nevitt*, 117 F. 448, 455 (8th Cir. 1902) (quoting Cartwright's Case, 114 Mass. 230, 238 (1873)).

"Acts of willful disobedience to clear and unambiguous orders of the court constitute contempt of court." *In re Weiss*, 703 F.2d 653, 660 (2d Cir. 1983) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911)). It is

fundamental that the court has the power to deal with such disobedience in ways designed either to punish or to compel compliance. *Id.*

The proceedings leading to adjudications of civil contempt and criminal contempt are not identical. Criminal contempt is established when there is a clear and definite order of the court, the contemnor knows of the order, and the contemnor willfully disobeys the order. *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 195 (9th Cir. 1979). The penalty is punitive in nature. It serves to vindicate the authority of the court and does not terminate upon compliance with the court's order. The punishment is unconditional and fixed. *See United States v. Powers*, 629 F.2d 619, 627 (9th Cir. 1980).

The contempt powers of a United States Magistrate Judge are set forth in Section 636(e) of Title 28, United States Code, as amended by the Federal Courts Improvement Act of 2000, and include summary criminal contempt authority in any case before the magistrate judge, as well as criminal and civil contempt authority in certain civil consent and misdemeanor cases. In general, "a United States magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection." 28 U.S.C. § 636(e)(1). Specifically, a magistrate judge's summary criminal contempt authority includes:

> the power to punish summarily by fine or imprisonment, or both, such contempt of the authority of such magistrate judge constituting misbehavior of any person *in the magistrate judge's presence* so as to *obstruct the administration of justice.*

28 U.S.C. § 636(e)(2) (emphasis added). The order of contempt shall be issued under the Federal Rules of Criminal Procedure. *Id.* Thus, in any case before a magistrate judge, that judge is authorized to punish by fine or imprisonment any contempt constituting misbehavior that is deemed to obstruct the administration of justice and that occurs in that judge's presence.

"The contempt order must recite the facts, be signed by the judge, and filed with the clerk." Fed. R. Crim. P. 42(b). *Id.* Federal Rule of Criminal Procedure Rule 42 instructs a magistrate judge to follow § 636(e)(2), which allows for the issuance of a contempt order where a person's "misbehavior . . . in the magistrate judge's presence . . . obstruct[s] the administration of justice." 28 U.S.C. § 636(e)(2).

Furthermore, "[t]he sentence imposed by a magistrate judge for any criminal contempt [under 28 U.S.C. § 636(e)(2) & (3)] shall not exceed the penalties for a Class C misdemeanor as set forth in sections 3581(b)(8) and 3571(b)(6) of title 18." 28 U.S.C. § 636(e)(5). Considering the maximum penalties for a Class C misdemeanor, therefore, any person found guilty of such criminal contempt faces a maximum possible sentence of up to thirty (30) days imprisonment (18 U.S.C. § 3581(b)(8)), a fine not to exceed $5,000.00, and a special monetary assessment of $5.00 (18 U.S.C. § 3013(a)(1)(A)(i)).

In both civil and criminal contempt proceedings, the contemnor is entitled to adequate notice, a reasonable time to prepare a defense, and an opportunity to be heard on that defense. *See e.g. In re Bianchi*, 542 F.2d 98, 100 (1st Cir. 1976).

**II.    The contemptuous conduct**

The Court makes the following findings of facts based on the evidence presented during the Criminal Contempt Hearing, all of which support a finding of criminal contempt against Mr. Torres.

Mr. Torres was duly notified and summoned to appear before this Court for his bench trial that was set to begin on May 2, 2023, at 9:30AM. This is evidenced by the following uncontested facts: (1) record testimony of Courtroom Deputy Clerk Helen Serrano ("Ms. Serrano"), who is in charge of managing all CVB minor violations matters and proceedings in the District of Puerto Rico; (2) documentary evidence in the form of email communications from the Clerk's Office, through Ms. Serrano, to the defendant, whereby Ms. Serrano clearly and explicitly notified the defendant of the date, time, and place of the bench trial;

(3) documentary evidence that the Court, through Ms. Serrano, served a summons on Mr. Torres by email, and sent notice of the bench trial to the defendant both by First Class Mail and certified U.S. mail; (4) record testimony of the defendant unequivocally acknowledging his receipt of the email communications sent by Ms. Serrano, which duly provided him with notice and a summons to appear before this Court for the bench trial; (5) documentary evidence in the form of an email exchange from the defendant to Ms. Serrano, wherein the defendant responded to the Court's notice and summons for the bench trial; and (6) record testimony of the defendant confirming that he knew of the date and time of the bench trial but nevertheless failed to appear.

The CVB minor violations docket and record is not electronic, and it does not utilize the CM-ECF electronic filing system used in the District of Puerto Rico and in the federal court, rather it is a paper docket. As a result, throughout these proceedings, the Clerk of Court, through Ms. Serrano, has used e-mail communications as the means by which the Court has provided notice to, and has communicated with, the defendant. To that effect, in the past, the Court has given notice to the defendant to appear for a Status Conference in preparation for the bench trial through email communications and the defendant appeared at such hearing. Moreover, the defendant has previously informed the Court, specifically to the prior presiding judge, Magistrate Judge Camille Velez Rivé, that his preferred method of communication with the Court was through his personal email, which he himself provided to the Court. The Court thus ordered at that time that all communications with the defendant be conducted through email.

During the defendant's testimony on the record, Mr. Torres positively confirmed his email address, which is the same email address that he had previously provided to the Court, and the same email that has been used at all times by the Court to communicate with him. That email address has remained unchanged throughout these proceedings and, to this day, is still being used by the defendant.

As noted above, there is evidence that the defendant responded to Ms. Serrano's email providing proper notice of, and a summons for, the bench trial, the contents of which was read by the undersigned in open court during the Contempt Hearing and which is set forth in the transcript of the proceeding incorporated herein by reference. In reading the defendant's response, the Court described the aggressive, disrespectful, and threating nature of the communication sent by the defendant to personnel from the Clerk's Office, to counsel for the government, SAUSA Captain Neenan, and to stand-by counsel, AFPD Jesús Hernández, all of whom were simply carrying out their official duties as officers of the Court. In his email communication, the defendant was rude, insolent, dismissive, and disruptive of the judicial proceedings—proceedings that are intended to provide him with a forum in which to resolve the CVB minor violations brought by the Government against him, while at the same time affording him all his due process and constitutional rights. Indeed, it was the defendant himself who elected to exercise his right to have a bench trial.

Notwithstanding the various notices sent to the defendant by the Court, the defendant willfully failed to appear at the bench trial scheduled for May 2, 2023, as required by the Court. The defendant has also been disruptive and disrespectful of the proceedings before this Court. While the defendant testified that he treats "everyone with respect," his communications to Court personnel staff, and counsel, as well as to the Court itself, and his failure to appear at the bench trial are all in direct contradiction to that statement. The defendant's failure to appear at the bench trial indeed disrupted the orderly administration of justice and interfered with the fair and efficient conduct of the bench trial. Furthermore, the defendant's actions have caused the Government, as well as the Court, to expend unnecessary time and resources in preparation for a bench trial that was not seen. For example, the Government came prepared on May 2, 2023, with fourteen (14) witnesses ready to testify. The private and professional lives of those fourteen (14) witnesses were unnecessarily disrupted by the defendant's

failure to appear. And those same lives will have to be unnecessarily disrupted again when this matter has to be rescheduled for another trial date.

In conclusion, neither the defendant, nor his attorney, offered a valid, reasonable, or plausible justification for Mr. Torres' failure to appear at his bench trial, despite his admission that he had been duly notified of it.

### III. Finding of contempt

Based on the foregoing facts, and the record before the Court, the Court finds that the defendant's actions have indeed obstructed the Court in the performance of its duties and interfered with the fair administration of justice.

Here, there was a clear and definite Order of the Court for the defendant to appear at his bench trial that was scheduled to begin on the morning of May 2, 2023. The defendant knew of the Order and the fact that his appearance was compulsory; nevertheless, the defendant willfully, and without justification, disobeyed that Order from the Court. This conduct occurred in the presence of the undersigned Magistrate Judge. The willful refusal to comply with the Court's Order itself constituted an affront to the Court, and when that kind of refusal disrupts and frustrates an ongoing judicial proceeding, as it did here, summary criminal contempt must be available to vindicate the authority of the Court, as well as to punish the recalcitrant party and provide him with some incentive to ensure future compliance. The defendant's willful disobedience of the Court's Order and his failure to appear at the bench trial warrant a finding of criminal contempt alone. In addition, however, the defendant's threatening, hostile, and disruptive email communications to Court personnel, and to the attorneys of record, also constituted willful resistance and disobedience to the Court's proceedings and were highly disrespectful to the Court's staff and other personnel. Such conduct further supports the Court's finding of criminal contempt.

The Court therefore finds that criminal contempt was committed by the defendant, consisting of disobedience and resistance to this Magistrate Judge's lawful writ, process, order, rule, decree, or command and of conduct tending to obstruct or degrade the administration of justice. As a result, the Court hereby sentences the defendant to a term of incarceration equal to the time that he has already served, namely, four (4) days, and a $5.00 special monetary assessment. A fine shall not be imposed.

**IT IS SO ORDERED AND ADJUDGED.**

In San Juan, Puerto Rico, this 17th day of May 2023.

_____
MARSHAL D. MORGAN
United States Magistrate Judge